STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. DOMINICK DeBELLIS, PLAINTIFF IN ERROR.

Decided March 17, 1927.

Crimes—Robbery—Defendant, With Two Others, Indicted—One was Tried Separately and the Other, at the Trial, Pleaded Guilty and Became a State Witness—Held, No Error in This —Ample Evidence of Guilt Notwithstanding Claim of Accessory Before the Fact.

On error to the Hudson County Quarter Sessions Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the plaintiff in error, *William A. Kavanagh.*

For the defendant in error, *John Milton,* prosecutor of the pleas.

PER CURIAM.

The plaintiff in error was indicted, together with John DeBellis and Joseph Rupprecht, alias Joseph Dunn, alias Charles Anders, alias Red Ruppert, for having perpetrated four robberies committed at the same time and place on each of the complaining victims. A severance was granted as to John DeBellis; and the plaintiff in error, and Joseph Rupprecht were put on trial. After a jury was impaneled, counsel on behalf of Rupprecht stated to the court that Rupprecht desired to withdraw his plea of not guilty and enter a plea of guilty, which request was granted. The trial then proceeded against the plaintiff in error alone. Rupprecht appeared as a witness on behalf of the state. The plaintiff in error was convicted on all four indictments, which, by consent of respective counsel, were tried together. Judgment having been given on the convictions had, the plaintiff in error comes before this court on strict writ of error and under the one hundred and thirty-sixth section of the Criminal Procedure act.

The first ground relied on and argued in the brief of counsel of plaintiff in error for reversal is that the court erred in allowing Joseph Rupprecht to plead guilty in the presence and hearing of the jury. This objection is substanceless, and needs no comment, except to say that at the time the offer was made to plead by Rupprecht, counsel of plaintiff in error sat quietly by and made no objection. But even if he had it could not have been of any avail, since the practice of taking pleas of guilty of co-defendants in the presence of the jury is a common one and its legal propriety has never been questioned. The second point argued and urged for a reversal is that the court erred in refusing to direct a verdict of acquittal at the conclusion of the state's case.

A fair reading of the testimony offered by the state makes it manifest that there was ample proof of the participation of the plaintiff in error, in the perpetration of the robberies. The insistence of counsel of plaintiff in error is that, according to the testimony, the plaintiff in error was an accessory before the fact and hence could not be convicted on an indictment which charged him as a principal only. There was not only proof adduced by the state that the plaintiff in error had planned the robbery but that he drove his accomplices in an automobile, which was borrowed by him of his brother, to within fifty or one hundred feet from the place where the robberies were committed, and where he stopped his car and his companions got out, to one of whom he handed a revolver, obviously to aid in perpetrating the robbery. It further appears that after the robberies, the proceeds thereof were divided, of which the plaintiff received his share. The third and last point argued in brief of counsel of plaintiff in error for a reversal is that the verdict is against the weight of the evidence and against the evidence. There is no merit in this contention. The testimony was ample to warrant a jury to convict the plaintiff of the robberies as a principal, as indicated.

Judgment is affirmed.